# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APPLIED RESEARCH ASSOCIATES, INC.<br>801 N. Quincy St., Suite 700<br>Arlington, VA 22203<br><br>Plaintiff,<br><br>vs.<br><br>KARN CHARUHAS CHAPMAN & TWOHEY, PC<br>1120 Connecticut Ave., NW<br>Washington, D.C. 20036<br><br>Defendant. | )<br>)<br>)<br>)   Civil Action No. 1:15-cv-1818<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Applied Research Associates, Inc. ("ARA"), by and through its undersigned counsel, Jackson Kelly PLLC, sets forth the following Complaint against Defendant Karn Charuhas Chapman & Twohey, PC ("Defendant"), as follows:

## GENERAL ALLEGATIONS

1.  Applied Research Associates, Inc., is a New Mexico corporation.

2.  Defendant, Karn Charuhas Chapman & Twohey, PC, is a Washington, D.C. professional corporation.

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

4.  Venue in and before this court is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.  Defendant is the project architect on the renovation of the Federal Reserve Board Building in Washington, D.C. (the "FRBB").

6.  Defendant entered into an express, written contract with ARA to design certain physical and electronic security improvements in and to the FRBB.

7.  ARA fully performed pursuant to the contract.

8. Defendant has received a benefit from ARA's performance pursuant to the contract.

9. Despite ARA's repeated demands for payment, Defendant has failed to make the required payments due to ARA pursuant to the contract.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

10. ARA incorporates the preceding paragraphs as though fully set forth herein.

11. ARA agreed to provide, and in exchange Defendant agreed to pay for, labor and materials for blast protection and electronic security work for the FRBB.

12. The terms of the parties' agreement are included in a written contract, attached as Exhibit 1 hereto.

13. ARA fully performed its obligations pursuant to the contract by providing labor and materials to Defendant for the FRBB project.

14. Defendant breached the contract by failing to pay for ARA's labor and materials as agreed, despite repeated demands for payment.

15. ARA has suffered damages as a result of Defendant's breach of the contract in an amount to be proven at trial.

16. WHEREFORE, ARA requests that this Court enter judgment on its behalf on its First Claim for Relief against Defendant in the amount of its actual and consequential damages, plus pre- and post-judgment interest, plus attorneys' fees and costs incurred in pursuing this action and enforcing the judgment, and for such other relief as this Court deems just.

**SECOND CLAIM FOR RELIEF**
**(Promissory Estoppel)**

17. ARA incorporates the preceding paragraphs as though fully set forth herein.

18. Defendant promised that it would pay ARA for the labor and materials provided by ARA for the FRBB project.

19. In making the promises to ARA, Defendant reasonably expected and intended that the promise to pay for the labor and materials supplied by ARA would induce ARA to provide the labor and materials.

20. ARA provided the requested labor and materials to the FRBB project in reasonable reliance on the promises of Defendant.

21. Defendant broke its promise to ARA by failing to pay for the labor and materials provided by ARA.

22. ARA reasonably relied to its detriment on the promises made by Defendant.

23. As a result of its reliance, ARA has suffered damages in an amount to be proven at trial.

WHEREFORE, ARA requests that this Court enter judgment on its behalf on its Second Claim for Relief against Defendant in the amount of its actual and consequential damages, plus pre- and post-judgment interest, plus attorney fees and costs incurred in pursuing this action and enforcing the judgment, and for such other relief as this Court deems just.

### THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

24. ARA incorporates the preceding paragraphs as though fully set forth herein.

25. Defendant benefited from the receipt of labor and materials from ARA for the FRBB project.

26. Defendant retained this benefit by having and/or using the labor and materials provided by ARA.

27.     It would be inequitable or unjust to allow Defendant to retain this benefit without adequate payment due to ARA under the present circumstances.

28.     As a result, ARA has suffered damages in an amount to be proven at trial.

WHEREFORE, ARA requests that this Court enter judgment on its behalf on its Third Claim for Relief against Defendant in the amount of its actual and consequential damages, plus pre- and post-judgment interest, plus attorney fees and costs incurred in pursuing this action and enforcing the judgment, and for such other relief as this Court deems just.

Respectfully submitted this 26th day of October, 2015.

JACKSON KELLY PLLC

*/s/ G. Lindsay Simmons*
G. Lindsay Simmons, Esq., #222992
5335 Wisconsin Ave. N.W., Suite 440
Washington, DC  20015
Phone:  (202) 973-0200
Fax:  (202) 973-0232

*ATTORNEYS FOR PLAINTIFF*